IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 08-cv-01273-REB-MJW

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, a Wisconsin corporation,

    Plaintiff,

v.

RICHARD TERLINGEN,
CHANSON ROQUE, and
SHANNON ISENHOUR,

    Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**Blackburn, J.**

The matter before is **Plaintiff's Motion for Summary Judgment on Complaint for Declaratory Relief** [#12] filed August 7, 2008. I grant the motion.

## I. JURISDICTION

I have jurisdiction over this matter pursuant to 28 U.S.C. § 1332 (diversity of citizenship).

## II. STANDARD OF REVIEW

Summary judgment is proper when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. **FED.R.CIV.P.** 56(c); ***Celotex Corp. v. Catrett***, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). A dispute is "genuine" if the issue could be resolved in favor of either party. ***Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.***, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); ***Farthing v. City of Shawnee***, 39 F.3d

1131, 1135 (10th Cir. 1994). A fact is "material" if it might reasonably affect the outcome of the case. **Anderson v. Liberty Lobby, Inc.**, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); **Farthing**, 39 F.3d at 1134.

A party who will bear the burden of proof at trial on a claim must submit evidence to establish every essential element of that claim. **See In re Ribozyme Pharmaceuticals, Inc. Securities Litigation**, 209 F.Supp.2d 1106, 1111 (D. Colo. 2002). Once the motion has been properly supported, the burden shifts to the nonmovant to show, by tendering depositions, affidavits, and other competent evidence, that summary judgment is not proper. **Concrete Works, Inc. v. City & County of Denver**, 36 F.3d 1513, 1518 (10th Cir. 1994), **cert. denied**, 115 S.Ct. 1315 (1995). All the evidence must be viewed in the light most favorable to the party opposing the motion. **Simms v. Oklahoma ex rel Department of Mental Health and Substance Abuse Services**, 165 F.3d 1321, 1326 (10th Cir.), **cert. denied**, 120 S.Ct. 53 (1999).

### III. ANALYSIS

On the afternoon of August 6, 2006, defendant Richard Terlingen followed defendants Chanson Roque and Shannon Isenhour into the parking lot of a McDonald's restaurant in Lakewood, Colorado. Terlingen then attacked Roque and Isenhour with a golf club he had taken from the trunk of his car. As a result of this attack, Isenhour sustained a broken arm and Roque sustained stab wounds to the chest,[1] a sprained wrist, and a dislocated thumb. Roque and Isenhour filed a civil action against Terlingen

---

[1] Although the genesis of Roque's stab wounds is not set forth in the complaint, it appears undisputed that Roque received those wounds as a result of Terlingen stabbing him with the shaft of the golf club after the head of the club broke off from the force of the blows.

in Colorado state court, alleging claims of negligence and outrageous conduct.[2]  Plaintiff provided a defense to Terlingen under a reservation of rights, and now seeks a declaration regarding whether it has a duty to defend.[3]

At the time of the incident, Terlingen was insured under three separate policies issued by plaintiff:  a homeowners policy, an umbrella policy, and an automobile policy.  Both the homeowner's policy and the umbrella policy provide coverage for compensatory damages for which the insured becomes legally liable as a result of, *inter alia*, bodily or personal injuries caused by an "occurrence."  Under both policies, an "occurrence" is defined as "an accident."  Both policies exclude coverage for "intentional injury" and "violation of any criminal law for which any insured is convicted," as well as for punitive damages.  The automobile policy provides for the payment of compensatory damages that the insured becomes liable to pay "due to the use of a car."  It also excludes coverage for bodily injury caused by an intentional act of the insured and for punitive damages.

Under Colorado law,[4] "[a]n insurer's duty to defend arises when the underlying complaint against the insurer alleges any facts that might fall within the coverage of the policy. " *Hecla Mining Co. v. New Hampshire Insurance Co.*, 811 P.2d 1083, 1089 (Colo. 1991).  Thus, the duty to defend turns on the interpretation of the insurance

---

[2]  Terlingen was charged with menacing with a deadly weapon, assault in the second degree, and driving under the influence.  He subsequently pled guilty to felony assault.

[3]  Terlingen has failed to answer or otherwise defend in this lawsuit.  (**See Entry of Default** [#29], filed December 2, 2008.)  Only Roque and Isenhour have filed responses to the motion.

[4]  Colorado law applies to the resolution of the issues presented in this diversity case.  *Wood v. Eli Lilly & Co.*, 38 F.3d 510, 512 (10th Cir. 1994).

policy, which, in turn, is governed by general principles of contract interpretation. *See id.* at 1090. The primary goal in interpreting the contract of insurance is to effectuate the intent of the parties. ***Union Insurance Co. v. Houtz***, 883 P.2d 1057, 1061 (Colo. 1994); ***Simon v. Shelter General Insurance Co.***, 842 P.2d 236, 239 (Colo. 1992). To accomplish this objective, the terms of the policy are given their plain and ordinary meanings unless the policy itself indicates that the parties intended otherwise. ***Bohrer v. Church Mutual Insurance Co.***, 965 P.2d 1258, 1261-62 (Colo. 1998); ***Chacon v. American Family Mutual Insurance Co.***, 788 P.2d 748, 750 (Colo. 1990). Policy provisions that are clear and unambiguous should be enforced as written. ***Chacon***, 788 P.2d at 750; ***Kane v. Royal Insurance Co. of America***, 768 P.2d 678, 680 (Colo. 1989).

Plaintiff presents four distinct arguments as to why it has no duty to defend Terlingen under any of the potentially applicable policies: (1) that there was no "occurrence" within the meaning of the homeowners and umbrella policies; (2) that the incident did not involve the "use of a car" as required by the automobile policy; (3) that the injuries were expected or intended and, therefore, excluded from coverage; and (4) that the complaint alleges facts that fall within the violation of criminal law exclusion.[5] Although all these arguments have traction, I find the two coverage issues dispositive, and, therefore, do not address the remaining arguments.

---

[5] Plaintiff argues further that it is not obligated to reimburse Terlingen for any punitive damages for which he may become liable under exclusions applicable to all three policies. However, since the duty to defend is broader than the duty to indemnify, ***Hercla Mining Co.***, 811 P.2d at 1086 n.5, the fact that plaintiff is not required to pay punitive damages does not necessarily absolve it of the duty to provide a defense if other claims arguably fall within the purview of the policy and are not excluded.

The homeowners and umbrella policies both provide that plaintiff will reimburse Terlingen for damages he becomes liable to pay as the result of an "occurrence," which, in turn, is defined by the policy to be an "accident" that results in, *inter alia*, bodily injury. Although the term "accident" is not further defined by the policy, it is well-established under Colorado law that the plain and ordinary meaning of the term is "an unanticipated or unusual result flowing from a commonplace cause." ***Fire Insurance Exchange v. Bentley***, 953 P.2d 1297, 1301 (Colo. App. 1998) (citing ***Carroll v. CUNA Mutual Insurance Society***, 894 P.2d 746, 753 (Colo. 1995)). There was nothing unanticipated or unusual about the result of Terlingen's attack on Roque and Isenhour. It is completely within the realm of foreseeable consequence that they should have sustained injuries of the type and degree alleged as a result of being struck repeatedly with a golf club. The facts alleged in their civil complaint are the antithesis of an accident. That the complaint also alleges a claim for relief for negligence does not alter this conclusion. It is the factual allegations of the complaint that are determinative, not the legal theories pleaded. ***See Bertagnolli v. Association of Trial Lawyers Assurance***, 934 P.2d 916, 918 (Colo. App. 1997); ***Colorado Farm Bureau Mutual Insurance Co. v. Snowbarger***, 934 P.2d 909, 911 (Colo. App. 1997). Therefore, I find and conclude that plaintiff has no duty to defend Terlingen under either the homeowners policy or the umbrella policy.

I reach the same conclusion with respect to the automobile policy. A duty to defend under that policy arises only when the injuries alleged are "due to the use of a car." As interpreted by the Colorado Supreme Court, this policy language requires that

5

the use must be one both contemplated by the parties to the insurance contract and also "inherent in the nature of the automobile as such." ***State Farm Mutual Automobile Insurance Co. v. Kastner***, 77 P.3d 1256, 1262 (Colo. 2003) (quoting ***Mason v. Celina Mutual Insurance Co.***, 423 P.2d 24, 25 (Colo. 1967)). More specifically, with respect to a non-commercial passenger car, the Colorado Supreme Court has held that "absent some plain and obvious special purpose, the normal use of the ordinary passenger car is limited to transportation." ***Id***. at 1263. In addition, there must be a causal relationship between the use of the insured car and the injuries sustained. To establish the necessary relationship, it must be shown, first, that "but for" the use of the vehicle, the injuries would not have occurred, and second, that "the 'use' of the vehicle and the injury are directly related or inextricably linked so that no independent significant act or non-use of the vehicle interrupted the 'but for' causal chain between the covered use of the vehicle and the injury." ***Id.*** at 1264. Particularly in a case involving an intentional criminal act,

> the claimant may recover provided that the injury flows directly from the "use" of the vehicle, without interruption, so that the "use" of the vehicle and the resulting injury constitute "one ongoing assault." We have previously observed that using a car merely to help carry out a criminal act is not the kind of "risk that the automobile insurance contract was meant to cover." Instead, where the act causing the injury is intentional, the "use" of the vehicle must bear a direct relation to the assault.

***Id.*** at 1265 (internal citation omitted).

Here, the insured automobile was not being used as a mode of transportation at the time Roque and Isenhour were injured. Although the car transported Terlingen to the parking lot, its use as a mode of transportation was not inherent to the attack. ***Cf. Cole v. United Services Auto. Association***, 68 P.3d 513, 515 (Colo. App. 2002) (finding that complaint asserted covered use of car, as in ***State Farm Automobile Insurance Co. v. McMillan***, 925 P.2d 785 (Colo. 1996), and ***Cung La v. State Farm Automobile Insurance Co.***, 830 P.2d 1007 (Colo. 1992), where "vehicle impeded the progress of plaintiff's vehicle and enabled the passenger of the uninsured vehicle to get out and assault plaintiff"). The fact that an automobile is the site of the injury is insufficient to bring it within the coverage of the policy. ***See Kastner***, 77 P3d at 1266; ***Aetna Casualty & Surety Co. v. McMichael***, 906 P.2d 92, 104 (Colo. 1995) (citing ***Mason***, 423 P.2d at 25). The relationship between the use of Terlingen's car and Roque's and Isenhour's injuries is even more attenuated than other cases in which the Colorado courts have found liability lacking. ***See, e.g.***, ***Kastner***, 77 P.3d at 1265 (no use of car where assailant kidnapped plaintiff, drove her to remote location in her own car and sexually assaulted her in the car). Accordingly, I find and conclude that plaintiff has no duty to defend Terlingen under the automobile policy either.

## IV. CONCLUSION

There are no genuine issues of material fact. I have construed relevant language of the respective insurance policies in favor of plaintiff. Thus, summary judgment is warranted under Fed.R.Civ.P. 56.

7

## V. ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1. That **Plaintiff's Motion for Summary Judgment on Complaint for Declaratory Relief** [#12], filed August 7, 2008, is **GRANTED**;

2. That judgment **SHALL ENTER** on for the plaintiff, American Family Mutual Insurance Co., and against the defendants, Richard Terlingen, Chanson Roque, and Shannon Isenhour, as to plaintiff's sole claim for relief for declaratory judgment;

3. That accordingly, it is **DECLARED** as follows:

   a. That the homeowners policy issued by plaintiff to Terlingen does not provide coverage for the incident that occurred on August 6, 2006, and the personal injury lawsuit that followed on January 22, 2008;

   b. That the umbrella policy issued by plaintiff to Terlingen does not provide coverage for the incident that occurred on August 6, 2006, and the personal injury lawsuit that followed on January 22, 2008;

   c. That the automobile policy issued by plaintiff to Terlingen does not provide coverage for the incident that occurred on August 6, 2006, and the personal injury lawsuit that followed on January 22, 2008;

   d. that plaintiff does not owe a duty to defend or indemnify Terlingen in the personal injury action filed by Roque and

Isenhour on January 22, 2008, arising from the incident that

occurred on August 6, 2006; and

e.  That plaintiff is entitled to reimbursement from Terlingen

of the costs of defense and attorney fees plaintiff paid to

defend Terlingen in the personal injury action filed by Roque

and Isenhour on January 22, 2008, arising from the incident

that occurred on August 6, 2006;

4.  That plaintiff is **AWARDED** its costs, to be taxed by the Clerk of the Court pursuant to Fed.R.Civ.P. 54(d)(1) and D.C.COLO.LCivR 54.1;

5.  That the Trial Preparation Conference set for October 2, 2009, is **VACATED**; and

6.  That the nonjury trial set to commence October 5, 2009, is **VACATED**.

Dated December 9, 2008, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**